[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11442
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 06-00482-CR-01-BBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENALDO SHEPARD,
a.k.a. Ricky Tye,
a.k.a. James Howard,
a.k.a. Renaldo Shepherd,
a.k.a. Chocolate,
a.k.a. Renaldo Sheppard,
a.k.a. Renaldo Shephard,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 19, 2011)

Before TJOFLAT, WILSON and RIPPLE,[*] Circuit Judges.

PER CURIAM:

On December 9, 2005, officers observed Renaldo Shepard and a male companion exit a known drug-distribution location and walk toward them. Shepard contends they walked on the sidewalk; the officers testified they walked down the middle of the street, in violation of an Atlanta ordinance. The officers exited their vehicle, approached the men, and asked them to stop. Shepard fled. While the officers gave chase, they observed Shepard reach into his pocket and discard an item. Upon apprehending Shepard, the officers found a firearm and ammunition on his person, and they retrieved the discarded item—later identified as a bag of marijuana and crack cocaine. Shepard made incriminating statements during and after his arrest.

A jury found Shepard guilty of being a felon in possession of a firearm, possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of a drug-trafficking offense. Shepard appeals those convictions, arguing the officers' initial approach violated his Fourth Amendment rights, and therefore, the district court should have suppressed the evidence and statements

---

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

that flowed from that "stop" as "fruit of the poisonous tree."[1]

Shepard bases his argument on the district court's assumption, for the purposes of its order, that Shepard and his companion were on the sidewalk as they traveled toward the officers from the drug house. Shepard contends that by not finding that the men walked in the middle of the street, the district court rejected the officers' articulated reason for approaching the men, rendering the officers' initial approach an unjustified stop that violated Shepard's Fourth Amendment rights. We disagree. Regardless of where the men were walking—whether on the sidewalk or in the street—Shepard's argument that this was an unlawful stop must fail because this was no stop at all.

Fourth Amendment protections are triggered when a "seizure" occurs, that is, "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen . . . ." See Terry v. Ohio, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 1879 n.16 (1968). But Fourth Amendment protections are *not* implicated when police officers merely approach an individual and ask questions.

---

[1] Initially, Shepard also appealed the district court's imposition of a consecutive five-year mandatory minimum sentence for his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug-trafficking offense. This Court granted the Government's motion to stay the proceedings of this appeal pending disposition of Abbott v. United States, ___ U.S. ___, 131 S. Ct. 18 (2010). On November 17, 2010, the parties filed a joint status report, in which they agreed that the Supreme Court's decision in Abbott resolved this issue in the Government's favor. Accordingly, we affirm Shepard's sentence, without addressing that issue further.

<u>Florida v. Bostick</u>, 501 U.S. 429, 434–35, 111 S. Ct. 2382, 2386 (1991).

The officers' initial approach did not restrain Shepard's liberty by physical force or a show of authority.[2]  Consequently, the officers' initial approach did not constitute a stop under the Fourth Amendment, and the district court did not err by denying Shepard's motions to suppress the evidence and statements derived therefrom.

**AFFIRMED.**

---

[2]  Indeed, the protections of the Fourth Amendment would not have been triggered even if there had been a show of authority because Shepard fled, and a fleeing individual is not seized. <u>See</u> <u>California v. Hodari D.</u>, 499 U.S. 621, 626, 111 S. Ct. 1547, 1550 (1991).